UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-62457-LEIBOWITZ/AUGUSTIN-BIRCH

CHANTIE COWANS,

     Plaintiff,

v.

MONEYGRAM PAYMENT SYSTEMS, INC.,

     Defendant.

_____/

REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS

This cause comes before the Court on Defendant MoneyGram Payment Systems, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint. DE 25. The Honorable David S. Leibowitz, United States District Judge, referred the Motion to Dismiss to the undersigned United States Magistrate Judge for a report and recommendation. DE 31. The Court has carefully considered the Motion to Dismiss and the record and is otherwise fully advised. For the reasons set forth below, the Court **RECOMMENDS** that Defendant's Motion to Dismiss [DE 25] be **GRANTED IN PART AND DENIED IN PART** and that this matter be transferred to the Northern District of Texas, Dallas Division.

## I.    Factual Background

Defendant employed Plaintiff Chantie Cowans from January 6, 2014, to March 1, 2024. DE 20 ¶ 5. At the conclusion of Plaintiff's employment, the parties signed a Severance Agreement ("Agreement") to "resolve all actual and potential disputes between them." *See* DE 25-1 at 4–11.[1]

---

[1] The Agreement is not attached to the Amended Complaint. Nevertheless, "[o]n a motion to transfer venue, the Court is permitted to consider materials outside the pleadings." *Elite Advantage, LLC v. Trivest Fund, IV, L.P.*, No. 15-22146-

Paragraph 22 of the Agreement includes a forum-selection clause, which states that all actions or proceedings arising out of or relating directly or indirectly to Plaintiff's employment with Defendant "shall be tried and litigated exclusively in the state and/or federal courts of Dallas, Dallas County, Texas." *Id.* at 10.

Plaintiff has now brought suit against Defendant, raising a claim under the Fair Labor Standards Act ("FLSA") for unpaid overtime wages. DE 20. In response, Defendant filed the present Motion to Dismiss, seeking dismissal of Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted and for forum non conveniens. DE 25. Alternatively, Defendant requests for the Court to transfer this matter under 28 U.S.C. §§ 1404(a), 1406(a) to the Northern District of Texas, Dallas Division, pursuant to the Agreement's forum-selection clause. *Id*.

## II.    Legal Standard

If the parties' contract contains a valid forum-selection clause, that clause "represents the parties' agreement as to the most proper forum" and should be "given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (quotation marks omitted). "In analyzing the application of a forum-selection clause, courts must determine whether the clause is valid, whether the claim at issue falls within the scope of the clause by looking to the language of the clause itself, and whether the clause is mandatory or permissive." *HNA LH OD, LLC v. Loc. House Int'l, Inc.*, No. 21-CV-21022, 2021 WL 4459404, at *5 (S.D. Fla. Sept. 29, 2021). When a party seeks to enforce a forum-selection clause to transfer a case, 28 U.S.C. § 1404(a) is "the proper avenue of relief." *Slater v. Energy Servs. Grp. Int'l, Inc.*,

---

CIV, 2015 WL 4982997, at *3 n.1 (S.D. Fla. Aug. 21, 2015). Thus, because Defendant seeks to transfer venue as an alternate relief in its Motion to Dismiss, DE 25 at 14–18, the Court can consider the Agreement when determining whether to transfer this matter to another venue.

634 F.3d 1326, 1333 (11th Cir. 2011); *see also Atl. Marine Const. Co.*, 571 U.S. at 61 (explaining that 28 U.S.C. § 1404(a) is an appropriate enforcement mechanism for a forum-selection clause).

## III.    Discussion

Plaintiff maintains that, because her claim arises under the FLSA and not the Agreement, it does not fall under the scope of the Agreement's forum-selection clause. DE 28 at 8. Plaintiff does not contest the validity of the forum-selection clause, nor that it is mandatory. Defendant argues that Plaintiff's FLSA claim falls under the forum-selection clause's scope. DE 29 at 7. The Court agrees with Defendant and concludes that the proper venue for this matter is the one the parties selected in the Agreement: the Northern District of Texas, Dallas Division.

### A.  Validity of the Forum-Selection Clause

Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a "strong showing" that enforcement would be unfair or unreasonable under the circumstances. *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (quotation marks omitted). A plaintiff can satisfy this burden by showing that (1) the clause was induced by fraud or overreaching; (2) the plaintiff would be deprived of his or her day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy. *Rucker v. Oasis Legal Fin. L.L.C.*, 632 F.3d 1231, 1236 (11th Cir. 2011). Plaintiff does not contend that the forum-selection clause is invalid or provide any argument or evidence to show that enforcement of the forum-selection clause would be unfair or unreasonable. Accordingly, Plaintiff has failed to meet her burden to dispute the validity and enforceability of the forum-selection clause. The forum-selection clause is valid and enforceable.

**B. Scope of the Forum-Selection Clause**

Under general contract principles, the plain meaning of a contract's language governs its interpretation. *Belize Telecom, Ltd. v. Gov't of Belize*, 528 F.3d 1298, 1307 & n.11 (11th Cir. 2008). To determine if a forum-selection clause encompasses a particular type of claim, courts look to its language. *Stiles v. Bankers Healthcare Grp., Inc.*, 637 F. App'x. 556, 559 (11th Cir. 2016).

Plaintiff argues that, because the Agreement was signed after the conduct giving rise to her FLSA claim, it was not intended to govern her FLSA claim. DE 28 at 7. Plaintiff further maintains that the Agreement's forum-selection clause is inapplicable because she is not trying to rely on or enforce any provision of the Agreement with her FLSA claim. *Id*. However, the forum-selection clause is broad in its scope insofar as it provides that "all actions or proceedings that arise out of, are associated with, require the interpretation of, and/or that are in any way directly or indirectly related . . . to any matter related to [Plaintiff's] employment with [Defendant], shall be tried and litigated exclusively" in Dallas, Texas. DE 25-1 at 10. And Plaintiff herself acknowledges that her "FLSA claim arises entirely from her employment with Defendant." DE 28 at 7. Accordingly, Plaintiff's FLSA claims arise out of her employment with Defendant and thus fall within the scope of the Agreement's forum-selection clause. *Cf. Gill v. J.G. Wentworth Home Lending, LLC*, No. 9:19-CV-80591, 2019 WL 13234224, at *2 (S.D. Fla. July 8, 2019) ("Based on the plain langauge of the Employment Agreement, an FLSA violation regarding Plaintiff's compensation *relates* to the Employment Agreement, as the Employment Agreement sets forth how Plaintiff would be compensated."); *Levy v. Manors of Inverray XII Ass'n*, No. 19-62802-CIV, 2020 WL 13469104, at 2 (S.D. Fla. Mar. 11, 2020) ("The Court disagrees with Levy's argument that her FLSA claims are not covered by the forum selection clause. The parties' Employment Contract governs the entirety of the employment relationship between Levy and Defendant. It covers Levy's duties, hours, rate

4

of pay, health insurance, and monthly gas allowance. The forum selection clause applies by its terms to 'any disputes related to' the Agreement. Plaintiff's FLSA claims are related to the terms of her employment, specifically the hours she worked and her rate of pay. Therefore, the Court concludes that Levy's FLSA claims are within the scope of the forum selection clause."). *See generally Levy*, 2020 WL 13469104, at *1 ("Federal courts enforce forum selection and alternative dispute resolution clauses in cases brought under the FLSA.").

### C. Whether the Forum-Selection Clause is Mandatory or Permissive

After determining that the forum-selection clause is valid and applies to Plaintiff's FLSA claim, the Court must lastly assess whether the forum-selection clause is mandatory or permissive. *Skatteforvalningen v. 470 S. Ocean Boulevard Tr.,* No. 24-80837-CV, 2025 WL 1435794, at *2 (S.D. Fla. Feb. 21, 2025) ("A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, dictates an exclusive forum for litigation under the contract." (quotation marks omitted)). Here, the forum-selection clause explicitly states that the "choice of venue is intended by the parties to be mandatory and not permissive in nature, thereby precluding the possibility of litigation between [Plaintiff] and [Defendant] with respect to matters described above in any jurisdiction other than that specified in this Section." DE 25-1 at 10. Thus, the forum-selection clause is mandatory.

### IV.    Conclusion

Since the forum-selection clause is valid, covers Plaintiff's FLSA claim, and is mandatory, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Defendant's Motion to Dismiss [DE 25]. Specifically, the Court recommends transferring this matter to the Northern District of Texas, Dallas Division. The Court concludes that the other matters addressed

in Defendant's Motion to Dismiss—namely, Defendant's failure to state a claim arguments—are more aptly addressed by the Dallas Court.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 6th day of August, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE